**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**VICKIE SIMMONS**                                                                                          **PLAINTIFF**

**V.**                                     **NO. 2:16CV00087 DPM/PSH**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                    **DEFENDANT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff Vickie Simmons applied for disability insurance benefits on October 22, 2014, after filing a supplemental security income application on June 16, 2014. (Tr. at 13). In both applications she alleged an onset date of August 1, 2011. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 23). The Appeals Council denied Ms. Simmons's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Simmons has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II. The Commissioner's Decision:**

The ALJ found that Ms. Simmons had not engaged in substantial gainful activity since the

amended alleged onset date of June 16, 2014. (Tr. at 15). The ALJ found at Step Two that Ms. Simmons had the following severe impairments: COPD, degenerative joint disease, and obesity. (Tr. at 16). At Step Three, the ALJ determined that Ms. Simmons's impairments did not meet or equal a listed impairment. (Tr. at 17).

Before proceeding to Step Four, the ALJ determined that Ms. Simmons had the residual functional capacity ("RFC") to perform light work except for the following limitations: 1) she could only occasionally kneel and crawl; 2) she must avoid airborne irritants; and 3) she must avoid extreme heat, cold, and wetness or humidity in the workplace. *Id.* Next, the ALJ found that Ms. Simmons is unable to perform past relevant work. (Tr. at 21). Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Ms. Simmons's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform, specifically, cashier 2 and production assembler. (Tr. at 22). Consequently, the ALJ found that Ms. Simmons was not disabled. (Tr. at 23).

**III. Discussion:**

    A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

"[O]ur review is more than an examination of the record for the existence of

>    substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Ms. Simmons' Arguments on Appeal

Ms. Simmons argues that substantial evidence does not support the ALJ's decision to deny benefits.  She contends that the ALJ erred in assigning a light work RFC; that the VE's responses did not constitute substantial evidence upon which the ALJ could rely; and that Ms. Simmons met Listing 1.02.  Reviewing the entire record, the Court finds that the ALJ's determinations were supported by substantial evidence.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence.  *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).  "In determining the claimant's [RFC], the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments."  *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996)  The ALJ must consider all of the evidence in the record when

3

determining RFC, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004).

The ALJ here appropriately weighed the medical evidence before arriving at the RFC. Ms. Simmons presented to the emergency room in May 2014, complaining of shortness of breath. (Tr. at 16, 115). She denied pain, and no musculoskeletal deficits were noted. *Id.* Her respiratory effort was regular and unlabored. (Tr. at 115). A chest x-ray showed chronic interstitial markings, and she was assessed with COPD and bronchitis and advised to quit smoking. (Tr. at 117, 120). On June 26, 2015, she visited Dr. Sameer Naranje, M.D., complaining of shortness of breath. However, she reported no cough, wheezing, or rapid breathing. (Tr. at 141). She treated her respiratory condition conservatively and did not require hospitalization as a result. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). The ALJ properly considered Ms. Simmons' respiratory condition when he required that she avoid airborne irritants in her work environment.

As for her knee condition, she complained of knee pain beginning in May 2015. (Tr. at 151). An x-ray showed mild to moderate degenerative changes in the right knee. *Id.* Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Ms. Simmons displayed no hamstring or quadriceps weakness on June 26, 2015 and her flexion and extension were 5/5. (Tr. at 142). Dr. Naranje suggested activity modification, weight reduction, and physical therapy. There is no indication that Ms. Simmons followed his advice.

While a medical source statement from Dr. Susan W. Balke, D.O., suggested significant

4

functional limitations, the two medical consultants who conducted state-agency review of the medical records found that Ms. Simmons could perform light work with environmental limitations. (Tr. at 38, 47, 138). The latter opinions are more consistent with the mild objective testing results and the medical record as a whole.

Moreover, Ms. Simmons admitted to being able to prepare meals, do chores, and shop in stores. (Tr. at 98-99). Such daily activities undermine her claims of disability. See *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The ALJ properly considered the medical evidence and Ms. Simmons' activities in arriving at an RFC which accurately reflected her mild limitations.

Ms. Simmons next argues that the VE's response to the ALJ's hypothetical would have limited her to sedentary work and therefore would have resulted in a finding that she was disabled. VE testimony constitutes substantial evidence when, as here, it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011). The hypothetical that best represented Ms. Simmons' limitations resulted in the VE finding that there were jobs available, specifically, cashier 2 and production assembler. (Tr. at 206). A follow-up hypothetical requiring a sit/stand option reduced the job pool to sedentary work, but that second hypothetical did not accurately reflect the objective evidence suggesting only mild conditions. (Tr. at 207). There is not support for Ms. Simmons' contention that she would require a sit-stand option to work. Her daily activities alone reveal that she is not as limited as she alleges.

Finally, Ms. Simmons argues that she met Listing 1.02, the Listing for major dysfunction of a joint. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02. "The listings define impairments that would

5

prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.' . . . That is, if an adult is not actually working and his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he actually can perform his own prior work or other work." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A claimant has the burden of proving that an impairment (or combination of impairments) meets or equals a Listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). To meet a Listing, an impairment must meet all of the Listing's specified criteria. *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010).

Listing 1.02 requires joint space narrowing, bony destruction, or ankylosis of the affected joints with either A) involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate effectively; or B) involvement of one major peripheral joint in each upper extremity resulting in the inability to perform fine and gross movements effectively. *Id.* The mild findings on the knee x-ray, normal musculoskeletal exam, and normal flexion and extension do not present evidence that she met any component of Listing 1.02. Ms. Simmons did not meet her burden of proving she met a Listing. Accordingly, the ALJ's Listing determination was not error.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Simmons is not disabled. The RFC determination was proper, the VE testimony was supported by the record, and Ms. Simmons did not meet a Listing. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 4th day of April, 2017.

                                                                                            _____
                                                  UNITED STATES MAGISTRATE JUDGE